MEMORANDUM **
Qiuyan Chen, native and citizen of China, petitions for review of the Board of *564 Immigration Appeals’s (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. Reviewing for substantial evidence, Zhang v. Gonzales, 408 F.3d 1239, 1244 (9th Cir.2005), we deny in part and grant in part the petition for review.
Chen contends that the IJ erred in denying her asylum and withholding of removal claims based upon the persecution of her parents who violated China’s family planning policy. We have declined to extend automatic asylum eligibility to the child of a parent who was forcibly sterilized. See id. at 1245-46. The record shows that Chen was not prevented from attending school or becoming employed as a consequence of her family’s violation, and she did not witness her parents being taken away by the authorities. Cf. id. at 1246-50. Substantial evidence supports the IJ’s conclusion that Chen was not eligible for asylum or entitled to withholding of removal on this ground.
Substantial evidence also supports the IJ’s conclusion that Chen’s experiences with different employers did not rise to the level of persecution on account of her religion. See Halaim v. INS, 358 F.3d 1128, 1131-32 (9th Cir.2004). Chen is not eligible for asylum or entitled to withholding of removal on this ground.
Substantial evidence further supports the denial of CAT relief because Chen did not show that it is more likely than not that she will be tortured if returned to China. See Singh v. Gonzales, 439 F.3d 1100, 1113 (9th Cir.2006).
Chen also contends that she has a well-founded fear of future persecution because she became pregnant outside of wedlock in violation of China’s family planning policy. She testified before the IJ on this point and noted the issue in her brief to the BIA. Because neither the IJ nor the BIA addressed this claim, see Sagaydak v. Gonzales, 405 F.3d 1035, 1040 (9th Cir. 2005) (stating “Us and the BIA are not free to ignore arguments raised by a petitioner”), we grant the petition for review and remand Chen’s asylum and withholding of removal claims for further proceedings consistent with this disposition, see INS v. Ventura, 537 U.S. 12, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).
DENIED in part; GRANTED in part; REMANDED. Each party shall bear its own costs on appeal.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.